## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**VALERIE L. GAY,**
　　Plaintiff,

**v.**

**Case No. 5:24-cv-1290-CLM**

**CRESTWOOD HOSPITAL,**
　　Defendant.

## MEMORANDUM OPINION

Valerie Gay works at Crestwood Healthcare, L.P.[1] She proceeds pro se and sues Crestwood for race discrimination under Title VII. Gay claims, among other things, that Crestwood paid her less than her white colleagues and constructively discharged her because of her race. Crestwood now moves for summary judgment on each of Gay's claims.

For the reasons stated within, the court **GRANTS** Crestwood's motion for summary judgment (doc. 26) on all counts and **DISMISSES** Gay's claims **WITH PREJUDICE**.

## BACKGROUND

### A.　Gay's Work at Crestwood

Crestwood is a community healthcare provider in Huntsville. Gay is a black woman. She started working at Crestwood in November 2016, and she currently works as a Phlebotomist Lead. In this role, Gay "is responsible for performing punctures on patients for blood sampling." (Doc. 33, p. 5). The Crestwood department in which Gay works is split into an inpatient division and an outpatient division. Gay works in the outpatient division.

In the outpatient division, Phlebotomist Leads (like Gay) work at a variety of locations. Crestwood used to operate two Covid-19 related

---

[1] Crestwood Healthcare L.P. was improperly identified as "Crestwood Hospital" in Gay's complaint.

clinics. One of those clinics was for patient Covid testing, and the other was for Crestwood employee Covid testing. Gay briefly worked at the patient Covid clinic, but Crestwood closed both Covid clinics by the end of 2022.

Around 2021, Gay applied for a Chief Phlebotomy Manager or "trainer" position with Crestwood. But in March 2022, Crestwood promoted Raquel Carr, a white employee, to fill the role. So Gay continued her job as a Phlebotomist Lead.

## B.   Gay's July 2021 Discipline

In July 2021, Gay says that a black female co-worker stole money from her wallet. So, Gay admits, she confronted the co-worker, called her a bitch, and chased her into the parking lot. Gay later called the co-worker; the co-worker didn't answer; and Gay left a voicemail telling the co-worker that she "was going to beat her you know what." (Doc. 27-8, p. 15). After the co-worker played the voicemail to a supervisor, Crestwood disciplined Gay in writing and suspended her for three days.

## C.   Gay's Departure, EEOC Charge, and Subsequent Return to Crestwood

In April 2024, Gay reported to Assistant Lab Director Tasa Kelley, with whom Gay had an "excellent relationship." (*Id.*, p. 6). On April 5, 2024, Gay sent Kelley the below email:



(Doc. 27-7, p. 27). As shown, Gay said that she was putting in her two weeks' notice because she received an offer from another company. At the time Gay left Crestwood, Crestwood paid her $18.81 per hour. Gay earned around $24 per hour with her new employer.

Gay testified during her deposition that a doctor and nurse practitioner emailed Crestwood's Human Resources Department to ask for a pay raise on Gay's behalf. (*See* doc. 27-8, pp. 24-25). But neither Crestwood nor Gay have located that email. According to Crestwood, it has no policy or practice of extending raises to resigning employees. Instead, it considers raises for resigning employees when the employee or the employee's supervisors request one.

On June 20, 2024, after Gay had departed from Crestwood, Gay filed a Charge of Discrimination with the EEOC. Her particular allegations are shown below:

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am an African American. I began working for the above-named employer in December 2016 as a phlebotomist lead. In 2019, I worked in a Covid Clink for the employer, making $18.60 an hour. In 2020, a second clink was opened, and they hired a Caucasian employee who made above $20 an hour. I believe the pay disparity was due to my race. While working for the employer, I was disciplined for using unprofessional words towards another employee who had stolen from me. Recently, a Caucasian employee cursed out her supervisor and received no disciplinary action. In April 2024, I requested a raise from the employer. To this day, the employer has not responded to my request. I have knowledge of two Caucasian employees who requested and received a raise. Due to the discrimination, I was forced to be constructively discharged in April 2024. I believe if not for my race, I would have received a raise and still be employed.

I believe I have been denied a pay raise and constructively discharge due to my race (African America), in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 1, p. 12). Gay complained to the EEOC about four instances of discrimination. First, she alleged that Crestwood paid her less than a white colleague at the Covid clinic. Second, she alleged that Crestwood disciplined her based on race when it suspended her for the altercation with a co-worker. Third, Gay alleged that Crestwood discriminated against her based on race when she "requested a raise" and Crestwood refused. And fourth, Gay alleged that Crestwood constructively discharged her because of her race.

A few months after filing her EEOC Charge, Gay contacted Kelley about returning to Crestwood. In September 2024, Gay returned to

Crestwood as a Phlebotomist Lead. During negotiations, Gay requested a higher pay than Crestwood initially offered, and Crestwood obliged. Ultimately, Crestwood agreed to pay Gay $21.78 per hour.

## D.    Gay's Claims and Crestwood's Motion

After receiving a right to sue letter from the EEOC, Gay filed her complaint in this court. Gay brings Title VII claims based on the four instances of discrimination identified in her EEOC Charge:

- **Count 1**: Gay claims Crestwood paid her less than white colleagues while working at one of the Covid clinics;
- **Count 2**: Gay alleges that Crestwood disciplined her in July 2021 while other white colleagues did not face discipline for similar acts;
- **Count 3**: Gay contends that she requested a raise in April 2024, and Crestwood refused even though Crestwood granted raises to white employees;
- **Count 4**: Gay claims that Crestwood constructively discharged her when she did not receive her requested raise.

(*See* doc. 1, pp. 5, 12). During her deposition, Gay raised an additional claim regarding Crestwood's failure to promote her to the "trainer" position in 2021, bringing her claim total to five counts. Crestwood now moves for summary judgment on all counts.

## LEGAL STANDARD

In reviewing a motion for summary judgment, this court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cnty.*, 285 F.3d 962, 966 (11th Cir. 2002). Summary judgment is appropriate when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party asking for summary judgment always bears the initial responsibility of telling the

court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, Rule 56 requires the nonmoving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

## DISCUSSION

As discussed above, Gay brings five counts under Title VII, and Crestwood seeks summary judgment on each of them.

### A.    Count 1: Pay Disparity

In Count 1, Gay claims that, because of her race, Crestwood paid her $1.40 less per hour than a white colleague when they both worked at one of Crestwood's Covid clinics in 2020. Crestwood contends this claim is untimely. The court agrees.

Under Title VII, a plaintiff must file an EEOC charge within 180 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). "If a plaintiff does not submit a timely EEOC charge, she generally may not challenge the alleged discriminatory conduct in court." *Henderson v. Murphy Oil USA*, 2024 WL 318645, at *1 (M.D. Ala. Apr. 30, 2024) (citing *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).

Gay filed her EEOC charge on June 20, 2024, meaning that her Title VII claims are limited to discriminatory actions taken 180 days before that date or, more specifically, after December 23, 2023. But Gay admitted in her complaint and deposition that her pay disparity claim in Count 1 arose sometime in 2020 while she worked at one of Crestwood's Covid clinics. (*See* doc. 1, p. 12; *see also* doc. 27-8, pp. 26-27). Moreover, Crestwood closed both Covid clinics by the end of 2022. (*See* doc. 27-1, pp. 3-4). So if Crestwood discriminated against Gay by paying her less than white colleagues at the Covid clinic, it did so well over a year before Gay filed her EEOC Charge. Thus, Gay failed to timely file her EEOC charge

for her pay disparity claim, and the court must grant Crestwood's motion for summary judgment on Count 1.

## B.    Count 2: Discipline Disparity

In Count 2, Gay claims that Crestwood disciplined her in July 2021 for confronting a coworker but didn't discipline white employees for similar conduct. Crestwood again argues that Gay's claim is untimely. Crestwood is again correct.

As explained above, Gay's Title VII claims are limited to discriminatory acts taken within 180 days before she filed her EEOC charge on June 20, 2024. Gay admitted during her deposition that her claim in Count 2 involves disciplinary actions Crestwood took against her in July 2021—nearly three years before she filed her EEOC charge. So Gay's discipline disparity claim in Count 2 is time-barred. The court will thus grant Crestwood's motion for summary judgment on Count 2.

## C.    Count 3: Raise Refusal

Gay claims in Count 3 that Crestwood denied her a requested raise in April 2024 even though Crestwood regularly offers raises to white employees who request them. Unlike Gay's first two claims, Count 3 is timely. Still, Crestwood argues that it's entitled to summary judgment on this count because (1) Gay cannot establish an adverse employment action and (2) even if Gay could establish an adverse employment action, she cannot offer evidence that Crestwood denied her a raise because of her race. The court need not assess Crestwood's latter argument because the former is dispositive.

To prove discrimination, Gay must show (among other things) that Crestwood took an adverse employment action against her. *See Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1336-37 (11th Cir. 2024). Adverse employment actions consist of "things that affect continued employment or pay—things like terminations, demotions, suspensions without pay, and pay raises or cuts—as well as other things that are

similarly significant standing alone." *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 860 (11th Cir. 2020).

Gay bases Count 3 on Crestwood's failure to give her a requested raise. To prove that needed fact, Gay must first prove that she *requested* the raise. But she presents no evidence that would allow a reasonable juror to find the request.

For starters, Gay does not allege that she asked for a raise orally. Rather, she points to two paper communications (one of which no one has). First, Gay points to her resignation email:



(*See* doc. 1, p. 5; *see also* doc. 27-8, pp. 104-05). Gay says that in saying "I will be open for negotiations," she (implicitly) asked for a raise. But no reasonable reader would view that statement as a specific raise request. They would instead read it plainly to say that Gay was leaving Crestwood for more money but was "open for negotiations" if Crestwood wanted to stop her. That's not a formal raise request, and Crestwood could not have denied a request that Gay didn't make.

Second, Gay claims that a doctor and nurse practitioner she worked with emailed Crestwood's HR department to request a raise on her behalf. But Crestwood's Human Resources Director, Lanette Holtzclaw, says in her affidavit that Crestwood isn't aware of the emails and has been unable

to locate them. (*See* doc. 27-1, pp. 5-6). And Gay admitted during her deposition that she does not have copies of the emails, nor has she seen them. (*See* doc. 27-8, p. 29). Gay's only proof that the doctor and nurse sent emails requesting that Gay be given a pay raise is that the doctor and nurse told Gay they sent the emails. But the doctor and nurse have not been deposed, nor have they submitted affidavits supporting Gay's argument. So Gay's only evidence of the emails is hearsay that cannot be reduced to admissible form. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012) (declining to consider hearsay when the record didn't indicate that a witness with personal knowledge of the out-of-court statement would testify at trial).

Because the record is devoid of admissible evidence that Gay, or anyone operating on her behalf, requested Crestwood to give Gay a raise, no reasonable juror could find that Crestwood took an adverse employment action against Gay by denying her a raise. The court will thus grant Crestwood's motion for summary judgment on Count 3.

### D.    Count 4: Constructive Discharge

Gay brings a constructive discharge claim in Count 4, alleging that she was forced to resign when she received another job offer in 2024 and Crestwood denied her a raise. Crestwood argues that Gay cannot show she was constructively discharged, so her claim fails.

"Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." *Davis v. Legal Services Alabama, Inc.*, 19 F.4th 1261, 1268 (11th Cir. 2021) (quoting *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009)). This standard is exacting and even higher than proving a hostile work environment. *See Hipp v. Liberty Nat'l Life Ins.*, 252 F.3d 1208, 1231 (11th Cir. 2001) (citing *Landgraf v. USI Film Prods.*, 968 F.2d 427, 430 (5th Cir. 1992)).

Gay's constructive discharge claim fails because "unequal pay cannot, standing alone, constitute a constructive discharge," and Gay's

claim is predicated on equal pay. *See Fitz v. Pugmire Lincoln-Mercury*, Inc., 348 F.3d 974, 978 (11th Cir. 2003) (citing *Pittman v. Hattiesburg Mun. Separate Sch. Dist.*, 644 F.2d 1071, 1077 (5th Cir. 1981)). Indeed, when Gay was questioned about her constructive discharge claim in her deposition, the following exchange took place:

> **Q:** All right. What I'm going to call [Count 4] is you were constructively discharged in April 2024. Tell us what you mean by that.
>
> **A:** Well, I just constructively discharged myself in April 2024 because I was basically forced to take the other job due to an increase in pay. I had to make an executive decision for my household.
>
> **Q:** So the [other employer's] pay rate was higher?
>
> **A:** Correct.
>
> **Q:** Was there any — anything else, were there any other factors that caused you to be constructively discharged in April of 2024.
>
> **A:** No.
>
> **Q:** While you were at Crestwood — And I'm going to just ask this in a real generic way: Was there anybody that was trying to run you off? You know what I mean? I know that's kind of a folksie way of asking a question, but you know what I'm saying? Was somebody trying to get rid of you or get you to quit?
>
> **A:** I don't think so.

(Doc. 27-8, p. 29). Gay makes clear that the only "factor" that caused her to leave Crestwood was another employer's offer of more money. But an employer's failure to match a competitor's higher offer does not make the

9

employee's work environment so intolerable that she can no longer work. *Davis*, 19 F.4th at 1268. So Count 4 must fail as a matter of law.

Plus, even if the failure to match a better offer could lead to constructive discharge in *some* case, it's not this case. Even in a light most favorable to Gay, the evidence shows that Gay hardly objected to her working conditions, much less found them so intolerable that she had to leave Crestwood. Gay stated in her resignation letter that she "enjoyed working with everyone at [Crestwood]." (*See* doc. 27-7, p. 5). And Gay returned to Crestwood about five months after leaving because she "was still in good standing" with the company and liked the "stability" it provided her. (*See* doc. 27-8, p. 11). Had Gay's working conditions been "intolerable" as required, it's hard to see why she would have chosen to return to the company (and take a pay cut) five months after leaving.

No reasonable juror could find that Crestwood constructively discharged Gay. So Gay's claim fails as a matter of law, and the court will grant Crestwood's motion for summary judgment on Count 4.

## E.   Count 5: Failure to Promote

In Count 5, Gay claims that Crestwood passed her over for a "trainer" position at some point in 2022, instead giving the job to a white colleague. (*See* doc. 27-8, pp. 9, 20, 31). Crestwood makes two arguments in response. First, Crestwood contends that Gay's failure to promote claim is untimely. And second, Crestwood argues that Gay failed to exhaust her administrative remedies for this claim.

Crestwood is correct that Gay's claim in Count 5 is untimely. As already discussed, Gay's claims are limited to discriminatory acts taken within 180 days before she filed her EEOC charge on June 20, 2024. During Gay's deposition, she made clear that Crestwood hired a white colleague for the "trainer" position, at the latest, in 2022, and Crestwood's records confirm that it filled the position in March 2022. So Gay's failure to promote claim is time-barred.

But even if Gay's claim wasn't time-barred, Crestwood would still be entitled to summary judgment because Gay failed to exhaust her administrative remedies. Neither Gay's complaint nor EEOC charge mention a failure to promote claim. And although she checked a "failure to promote" box on her pro se plaintiff complaint form, she included no factual allegations related to the claim. Thus, Gay failed to give Crestwood adequate notice of her failure to promote claim, and Crestwood is entitled to summary judgment. *See MSP Recovery Claims, Series LLC v. United Auto Ins.*, 60 F.4th 1314, 1319 (11th Cir. 2023) (stating that a defendant must be "on notice as to the claim asserted against him *and* the grounds on which it rests").

## CONCLUSION

For these reasons, the court **GRANTS** Crestwood's motion for summary judgment on all counts and **DISMISSES** Gay's claims **WITH PREJUDICE**. The court will enter a separate order carrying out its ruling and closing this case. The court **DIRECTS** the Clerk of Court to mail a copy of this opinion to Gay at her address of record.

**DONE** and **ORDERED** on April 24, 2026.

_____

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

11